United States District Court
For the Northern District of California

1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    UNITED STATES OF AMERICA,                          No. CR 04-373 SI

9            Plaintiff,                                 **ORDER RE: DEFENDANT'S REQUEST
                                                        FOR TRANSCRIPTS**
10       v.

11   ENRIQUE MEDINA,

12           Defendant.
                                                    /
13

14         By letter filed April 23, 2009, defendant Enrique Medina requests copies of transcripts of several

15   hearings in this case, as well as a copy of the original indictment. Docket No. 32. Defendant states that

16   he is indigent, and that he needs the transcripts and indictment in order to prepare a motion under 28

17   U.S.C. § 2255 to vacate, set aside, or correct his sentence. Pursuant to 28 U.S.C. § 753(f), defendant

18   may be entitled to these documents if he is indigent and "if the trial judge or a circuit judge certifies that

19   the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the

20   suit or appeal." Accordingly, defendant must make a showing that he is indigent, that the motion under

21   28 U.S.C. § 2255 is not frivolous, and that the transcripts and indictment are necessary to decide the

22   issues defendant would like to address in the § 2255 motion.

23         Defendant pled guilty in this action, pursuant to a written plea agreement, on March 18, 2005.

24   Judgment was entered on August 1, 2005. His written plea agreement included a waiver of appeal and

25   of collateral remedies, such as motions under 28 U.S.C. § 2255, for most reasons except ineffective

26   assistance of counsel.

27         In addition to the waiver issue, however, any motion under 28 U.S.C. § 2255 would appear to

28   be untimely. A motion to vacate, set aside or correct a federal sentence under § 2255 must be filed

**United States District Court**
For the Northern District of California

1  within one year of the latest of the date on which: (1) the judgment of conviction became final; (2) an

2  impediment to making a motion created by governmental action was removed, if such action prevented

3  petitioner from making a motion; (3) the right asserted was recognized by the Supreme Court, if the

4  right was newly recognized by the Supreme Court and made retroactive to cases on collateral review;

5  or (4) the facts supporting the claim or claims presented could have been discovered through the

6  exercise of due diligence. *See* 28 U.S.C. § 2255(f).  The statute of limitations in § 2255 is subject to

7  equitable tolling, however, if defendant demonstrates that "extraordinary circumstances" beyond his

8  control made it impossible to file the § 2255 motion on time and that the extraordinary circumstances

9  were the cause of his untimeliness. *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004).  The

10 extraordinary circumstances standard is a "very high threshold" to meet.  *Id*.

11      Here, judgment was entered on August 1, 2005.  The judgment became final on August 11, 2005,

12 the date when defendant's time to seek direct appeal expired. *See* Fed. R. App. Proc. 4(b)(1)(A).  Thus,

13 defendant's motion under 28 U.S.C. § 2255 needed to be filed no later than August 11, 2006, absent

14 some basis for allowing the filing past this date.

15      Accordingly, if defendant wishes to pursue his request for transcripts and other documents in

16 order to prepare a 28 U.S.C. § 2255 motion, defendant shall file no later than **July 3, 2009**, a statement

17 showing (1) why a § 2255 motion filed in 2009 would not be untimely, and (2) why the requested

18 transcripts and copy of the indictment are necessary for the preparation of the § 2255 motion. Defendant

19 must also complete the attached financial affidavit and return that affidavit to the Court no later than

20 **July 3, 2009**.

21

22      **IT IS SO ORDERED.**

23

24 Dated: June 6, 2009

SUSAN ILLSTON
United States District Judge

2